**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4357**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

      v.

JAMES JESSE CLAY,

               Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:08-cr-00123-MR-1)

Submitted: February 14, 2012      Decided: February 22, 2012

Before AGEE and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Angela Parrott, Acting Executive Director, Matthew R. Segal, Fredilyn Sison, Allison Wexler, Assistant Federal Defenders, Asheville, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Laura L. Ferris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Jesse Clay pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). Following a successful appeal, the district court resentenced Clay to thirty-five months' imprisonment and ordered him to reimburse the Government for court-appointed attorneys' fees. The sole issue on appeal is whether the district court erred in ordering reimbursement. We affirm in part, vacate in part, and remand for resentencing.

We review a sentencing court's resolution of legal questions de novo and its factual findings for clear error. United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008). "In reviewing the district court's application of the factual findings, as in the reimbursement order here, we apply an abuse of discretion standard." United States v. Moore, __ F.3d __, 2012 WL 208041, at *5 (4th Cir. Jan. 25, 2012).

Clay argues that the district court erred in ordering reimbursement because he lacked the present ability to repay. The Government responds that Clay will be able to pay upon release because, it speculates, he is likely to obtain employment. The Government's argument, however, is foreclosed by our decision in Moore, which held that

> the district court must base the reimbursement order on a finding that there are specific funds, assets, or asset streams (or the fixed right to those funds,

2

assets, or asset streams) that are (1) identified by the court and (2) available to the defendant for the repayment of the court-appointed attorneys' fees.

Id. at *6.

Because the district court ordered repayment of court-appointed attorneys' fees without identifying funds available to do so,[*] we must vacate that portion of the district court's judgment and remand for resentencing. We affirm the judgment in all other respects. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

---

[*] The district court did not have the benefit of our decision in Moore when it resentenced Clay.

3